GATES *v.* CITIZENS' BANK OF PERRY.

(*Supreme Court, General Term, Fifth Department.* June 23, 1892.)

Dissenting opinion. For majority opinion, see 19 N. Y. Supp. 513.

CHILDS, J., (*dissenting.*) The answer of the defendant contains numerous allegations of fraud on the part of the plaintiff's assignors, and upon the trial testimony was given by the defendant in support of such allegations, from which testimony the referee has found as a fact that the assignment under which the plaintiff claims "was made by said Helen A. Williams and L. Sophia Williams, with intent to hinder, delay, and defraud the defendant and others, creditors of said Helen A. and L. Sophia Williams." It is claimed by the appellant, in substance, that such finding was influenced wholly by the decision of this court adjudging that said assignment was fraudulent in law by reason of the preference of the Clark notes to be paid from the copartnership assets. If this contention was supported by an examination of the case, it would of course lead to a new trial of the action, the court of appeals having reversed that determination.

My examination has led to a different conclusion. As before indicated, the defendant gave testimony in support of numerous allegations in the answer attacking the *bona fides* of the assignment, one of such allegations having reference to the Clark notes. Upon the whole of the evidence, the referee has made the finding above quoted. That this is so, and that the referee did not regard as controlling the testimony or decision in regard to the Clark notes, is made clear by the fact that the referee declined to hold, in response to the plaintiff's request, "that in the making and execution of said general assignment neither the said Helen A. Williams nor L. Sophia Williams had any intent to hinder, delay, or defraud their creditors, or the creditors of the firm of Williams & Co., any further than the presumption of fraudulent intent on their part in the making of said general assignment may arise from the fact that the said general assignment contains a direction for the payment of the said promissory notes to the said Ephraim M. Clark out of the copartnership assets of the firm of Williams & Co." Under these circumstances, the reversal of the decision in regard to the Clark notes can have no other or greater effect than to strike from the case all the testimony in relation thereto as tending to support any allegation of fraud on the part of the plaintiff's assignors, and to leave the defense of fraud resting upon the other testimony in the case, which, if sufficient to support the finding of the referee, must lead to an affirmance of the judgment. An examination of the case will show that the finding of the referee is supported by the evidence, excluding all reference to the Clark notes; and it appearing that the referee entertained this view of the case, and made his findings accordingly, I think the judgment entered on his report should be affirmed. Judgment reversed, and new trial granted, with costs to abide the event.